B CARTER, C.J.,
dissenting.
I respectfully disagree with the majority’s conclusion that Langlois overcame the prima facie correctness of the Sheriffs return of service. In particular, I disagree that all of the evidence of where Langlois actually resided showed that he lived in the house on Teakwood Drive. The record reflects that Langlois signed three driver’s license renewals and several medical consent forms, all listing his address as 5011 Tristian Street. Moreover, a letter addressed to Langlois on Teakwood Drive and postmarked September 28, 2000, was returned with the notation, “Moved, Left no forwarding address.”
There is strong circumstantial evidence that Langlois was purposefully and intentionally attempting to avoid service of process. It would be interesting to know what would have occurred if service had been attempted at the Teakwood Drive | ¡location. We know what occurred when mail was sent to him at that address. Further, it is interesting to note that Lan-glois did not call his girlfriend Debbie to testify.
Considering the record as a whole, including the documentary evidence, I do not believe that Langlois overcame the prima facie correctness of the Sheriffs return of service. Accordingly, I would reverse the judgment annulling the default judgment.